EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV348423**

APR 19, 2021 01:18 PM

Catheline Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELINCO MEDINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| GEORGIA DEPARTMENT OF HUMAN | ) _____ |
| SERVICES, DIVISON OF FAMILY | ) |
| and CHILDREN SERVICES, and FICTITIOUS | ) |
| PARTIES "A," and "B," and those other | ) |
| persons, entities, or corporations, | ) |
| whose names are unknown to Plaintiff at this | ) |
| time, however, will be added by amendment | ) |
| when ascertained. | ) |
| | ) |
| Defendant. | ) **JURY TRAIL DEMANDED** |
| | ) |
| | ) |

### COMPLAINT

Plaintiff Melinco Medina ("Plaintiff"), by and through undersigned counsel, files

this his Complaint against Georgia Department of Human Services, Division of Family and

Children Services ("Defendant") and Fictitious Parties A and B and alleges as follows:

### INTRODUCTION

1.  Plaintiff, a former employee of Defendant, brings this action against

    Defendant under Georgia law, Title VII of the Civil Rights Act of 1964, as

    amended, to redress Defendant's discriminatory treatment of him because

    of his race and national origin and under 42 U.S.C. Section 1981 to redress

    Defendant's discriminatory treatment of him.

## JURISDICTION AND VENUE

2.     This action is for illegal race-based and national original discrimination arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000, et seq. (hereinafter "Title VII"), 42 U.S.C. Section 1981 (hereinafter "Section 1981") and the Georgia Fair Employment Practices Act of 1978, O.C.G.A. §§ 45-19-29 (hereinafter "Georgia Act"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

3.     Upon information and belief, all parties to this action reside or are located within the boundaries of this judicial district, and the acts complained of took place within the boundaries of this judicial district.  Moreover, the unlawful employment practices alleged below were committed within the geographic boundaries of the state of Georgia and within the boundaries of this Court.

4.     Plaintiff is a resident and citizen of the State of Georgia.

5.     Plaintiff is Hispanic and Peruvian and, therefore, a member of a protected class under Section 1981 and Title VII and the Georgia Act on the basis of his race and his national origin.

6.     Defendant is an agency organized and existing under the laws of the State of Georgia, with offices in most, if not all, of the counties of the State of Georgia. Defendant has significant contacts and operations and offices in the Northern District of Georgia, this Court's jurisdiction, and throughout the state of Georgia generally.  This Court has jurisdiction over Defendant.

2

7.   Defendant may be served with this Complaint and Summons by serving its chief executive officer, Commissioner Robyn A. Crittenden, Georgia Department of Human Services, 2 Peachtree Street, Suite 28-484, Atlanta, GA 30303, or in any manner provided in O.C.G.A. § 9-11-4.

8.   Unknown Party A, which is a person, entity, or corporation, who's name is unknown to Plaintiff at this time, however, will be added by amendment when ascertained. Unknown Party A may be served by serving he, she, or it personally or in any manner provided in O.C.G.A. § 9-11-4.

9.   Unknown Party B, which is a person, entity, or corporation, who's name is unknown to Plaintiff at this time, however, will be added by amendment when ascertained. Unknown Party B may be served by serving he, she, or it personally or in any manner provided in O.C.G.A. § 9-11-4.

## FACTS

10.   Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks between 2010 and 2021.

11.   Defendant is subject to the anti-discrimination provisions of Title VII.

12.   Defendant is subject to the anti-discrimination provisions of Section 1981.

13.   Defendant is subject to the anti-discrimination provisions of the Georgia Act.

14.   Plaintiff was employed full time by Defendant from around October 16, 2007 as an economic support specialist until around August, 2018, when he was terminated.

3

15.    At all material times prior to his termination, Plaintiff performed his job responsibilities in a satisfactory manner.

16.    Plaintiff was not provided any advanced written notice of any supposed deficiencies with his performance prior to his termination.

17.    Plaintiff was not provided in writing with any opportunity to address any supposed deficiencies with his performance prior to his termination.

18.    Plaintiff was replaced by a person outside of his protected class.

19.    This termination was without cause and based on a pretense.

20.    Following his termination, on or around, August 20, 2018, Plaintiff proceeded to file a Charge of Discrimination with the Georgia Commission on Equal Opportunity (the "GCEO").

21.    Following Plaintiff's Charge, Defendant filed a response.

22.    On or around September 21, 2020, the GCEO concluded its investigation as to all of Plaintiff's Charges of Discrimination.

23.    On or around January 19, 2021, the EEOC issued to Plaintiff his Notice of Suit Rights.  A copy of Plaintiff's Right To Sue letter is attached as Exhibit A.

24.    This case was initiated within 90 days of Plaintiff's receipt of his Notice of Suit Rights.

**COUNT I –**
**RACE-BASED DISCRIMINATION IN VIOLATION OF**
**TITLE VII, SECTION 1981,**
**AND GEORGIA FAIR EMPLOYMENT PRACTICES ACT OF 1978**

25.    Plaintiff adopts paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

26.     Plaintiff is a member of a protected class.

27.     Plaintiff was qualified for the position he held and performed his duties properly as assigned by Defendant.

28.     Plaintiff was subjected to a hostile work environment through the disparate treatment by Defendant in the terms and conditions of his employment, as described above.

29.     In promulgating disparate treatment of Plaintiff, Defendant treated Plaintiff less favorably than similarly situated individuals outside of Plaintiff's protected class because of his race.

30.     The racially discriminatory work environment Plaintiff was subjected to was open and obvious.

31.     Defendant discriminated against Plaintiff because of his race during his employment and when it terminated his employment.

32.     Defendant discriminated against Plaintiff because of his race during his employment when it terminated him and/or chose other, less qualified, candidates for his position outside of his protected class.

33.     Defendant's motivation for terminating Plaintiff was based in whole, or in part, on his race.

34.     Defendant's discriminatory treatment of Plaintiff was willful and with reckless disregard of his rights.

35.     As a direct and proximate result of the above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly

diminished employment opportunities, and emotional distress consisting of, but not limited to, outrage shock, and humiliation.

36.     WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and general damages together with interest, costs and such further relief as this Court deems just and proper including, but not limited to, punitive damages.

COUNT II –
NATIONAL ORIGIN-BASED DISCRIMINATION
IN VIOLATION OF TITLE VII AND GEORGIA FAIR EMPLOYMENT
PRACTICES ACT OF 1978

37.     Plaintiff adopts paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

38.     Plaintiff is a member of a protected class, as Plaintiff Peruvian.

39.     Plaintiff was qualified for the position he held and performed his duties properly as assigned by Defendant.

40.     Plaintiff was subjected to a hostile work environment through the and disparate treatment by Defendant in the terms and conditions of his employment, as described above.

41.     In promulgating disparate treatment of Plaintiff, Defendant treated Plaintiff less favorably than similarly situated individuals outside of Plaintiff's protected class because of his national origin.

42.     The gender based discriminatory work environment Plaintiff was subjected to was open and obvious.

43.     Defendant discriminated against Plaintiff because of his national origin during his employment.

44.   Defendant's discriminatory treatment of Plaintiff was willful and with reckless disregard of his rights.

45.   As a direct and proximate result of the above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities, and emotional distress consisting of, but not limited to, outrage shock, and humiliation.

46.   WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and general damages together with interest, costs and such further relief as this Court deems just and proper including, but not limited to, punitive damages.

## COUNT III – BREACH OF CONTRACT

47.   Plaintiff adopts paragraphs one (1) through forty-six (46) above as if fully set forth herein.

48.   Plaintiff and Defendant had a binding contract that controlled, among other things, the manner in which Defendant would treat Plaintiff with regard to his employment and termination.

49.   Despite their contract, Defendant failed to abide by this contract by, among other things, not following its own procedures with respect to termination.  Thus, Defendant breached the parties' contract.

50.   As a result of Defendant's breach of contract and failure to conduct itself in good faith in its conduct pursuant to the contract, Plaintiff is entitled to damages, along with interest and costs, including reasonable attorney's fees.

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1)     find in favor of Plaintiff and against Defendant on each claim of this Complaint;

(2)     award Plaintiff its costs and attorneys' fees incurred in prosecuting this action; and

(3)     award Plaintiff such further and additional relief as the Court finds just, equitable, and proper.

Respectfully submitted, this 16th day of April, 2021.

LAW OFFICE OF JASON H. COFFMAN

/s Jason H. Coffman
Jason H. Coffman
Georgia Bar No. 173119

Attorney for Melinco Medina

3280 Peachtree Road, NE, Ste 700
Atlanta, GA 30305
(404) 581-3834
e-mail: jcoffman@jcoffmanlaw.com

8

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Melinco V. Medina

From: **Atlanta District Office**
**100 Alabama Street, S.W.**
**Suite 4R30**
**Atlanta, GA 30303**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

EEOC Charge No.          EEOC Representative                                          Telephone No.

Irene E. Carter-Kent,
1B-2018-00130          State, Local, & Tribal Coordinator                          (404) 562-6853

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Darrell E. Graham*
**Darrell E. Graham,**
**District Director**

January 19, 2021
(Date Issued)

Enclosures(s)

Brenatia J. Adams-Robinson
Division Human Resource Manager
Georgia Department of Family & Children Services
2 Peachtree St. NW, Floor 28
Atlanta, GA 30303

EXHIBIT
A